Paul D. Ticen (SBN 024788)
**PAUL TICEN LAW**
3195 South Price Road, Suite 148
Chandler, Arizona 85248
Tel: (480) 646-9382
Fax: (480) 420-3825
paul@paulticenlaw.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LINDA HEDGES, an individual<br><br>Plaintiff,<br><br>v.<br><br>CSAA GENERAL INSURANCE COMPANY, an Indiana corporation d/b/a AAA INSURANCE,<br><br>Defendant. | NO: _____<br><br>**COMPLAINT**<br><br>Declaratory Judgment, Breach of the Implied Covenant of Good Faith and Fair Dealing, Estoppel By Inducement |

For Plaintiff Linda Hedges' Complaint against the above-named Defendant, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This action seeks claims for relief against Defendant CSAA General Insurance Company d/b/a AAA Insurance arising from its denial of Plaintiff's claim for Underinsured Motorist Benefits (UIM) under her automobile insurance policy. The claims for relief include declaratory judgment, breach of the implied faith and fair dealing, and estoppel by inducement (alternative).

**PARTIES**

2. Plaintiff Linda Hedges is a widowed female who resides part-time in Pinal County, Arizona and part-time in Fairfield County, Ohio.

3. Defendant CSAA General Insurance Company ("AAA Insurance") is an Indiana corporation that is licensed to operate in the State of Arizona and does business in the State of Arizona using the tradename AAA Insurance.

4. At all relevant times, AAA Insurance provided automobile insurance to Plaintiff Linda Hedges, including underinsured motorist ("UIM") coverage with limits of $100,000 per person/$300,000 per collision (policy OHSS-104037523).

5. AAA had actual, imputed and/or constructive knowledge that Plaintiff Linda Hedges principally garaged her 2009 Hyundai Santa Fe SUV (Vin 0689) in Pinal County, Arizona and primarily operated her SUV in Pinal County and Maricopa County, Arizona during the policy period October 26, 2018 - April 26, 2019 ("the relevant policy period".) (**Exhibit A**)

**JURISDICTION**

6. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because diversity of citizenship exists and the matter in controversy exceeds the sum of $75,000. Plaintiff resided in Pinal County, Arizona during the relevant policy period. On information and belief, AAA Insurance is incorporated in Marion County, Indiana with a principal place of business in Contra Costa, California.

7. The Court has both general and specific personal jurisdiction over AAA Insurance.

8. This Court has general jurisdiction over AAA Insurance whose contacts with Arizona are substantial, continuous and systematic given that it has been and remains licensed to operate in the State of Arizona as a property and casualty insurer, has marketed

and sold countless automobile insurance policies to Arizona residents, and has adjusted a myriad of claims arising from motor vehicle collisions that have occurred in Arizona.

9. This Court has specific personal jurisdiction over AAA Insurance who purposely directed its conduct toward the state of Arizona, namely, denying Plaintiff's claim for UIM benefits triggered by a crash that occurred in Arizona caused by an Arizona underinsured motorist while Plaintiff resided in Arizona and drove a vehicle principally garaged in Arizona during the relevant policy period, AAA Insurance's actions and inactions intended to induce Plaintiff into believing Arizona law applied to her UIM claim and providing no notice or indication that AAA Insurance believed Ohio law applied until after Ohio's statute of limitation for Plaintiff's UIM claim had expired. This action is based upon activities that arise out of or relate to these contacts.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2). A substantial part of the events or omission occurred in Arizona, namely, AAA Insurance insured Plaintiff under an automobile policy, which during the relevant policy period, the scheduled automobile at issue was principally garaged in Arizona, Plaintiff resided in Arizona, Plaintiff's UIM claim arises from an underlying motor vehicle collision that occurred in Arizona caused by an underinsured motorist who resided in Arizona.

## FACTUAL BACKGROUND

11. For approximately thirty years, Plaintiff Linda Hedges and her late husband have resided part-time in Arizona and part-time in Ohio.

12. During this same thirty-year time period, Plaintiff was and continues to be insured by AAA Insurance for automobile coverage.

13. During this same thirty-year time period, Plaintiff (with her late husband before his passing) would contact her insurance producer, AAA Ohio Auto Club Insurance Agency, around their annual migration to Arizona in order to remove all coverage for any owned automobile that they kept in Ohio with the exception of comprehensive coverage.

14. For the relevant policy period, Plaintiff removed all coverages except for comprehensive for her 2017 Juke SUV (Vin 5210), which she left in Lancaster, Ohio and which she would not drive while she resided in Arizona.

15. While Plaintiff resided in Arizona, she drove her Santa Fe SUV, which was insured through AAA Insurance during the relevant policy period, including UIM coverage of $100,000 per person and $300,000 per collision.

16. During the relevant policy period, Plaintiff resided and garaged her Santa Fe SUV in Apache Junction, Arizona. (**Exhibit B**).

17. On February 20, 2019, Plaintiff drove her Santa Fe SUV southbound on State Route 101, preparing to exit east onto State Route 202 in Mesa, Arizona when her vehicle was struck from behind by a vehicle driven by Jennifer Barraza ("the underinsured motorist").

18. Plaintiff sustained personal injuries from the crash and incurred medical bills in excess of $20,000 as a result of her crash related injuries.

19. On February 15, 2021, Plaintiff filed a lawsuit against the underinsured motorist in the Maricopa County Superior Court, CV2021-090730.

20. On February 16, 2021, the underinsured motorist's automobile liability insurance carrier, Trumbull Insurance Company dba The Hartford, tendered the per person policy limit of $15,000 and provided a copy of its insured's declaration page. (**Exhibit C**).

21. On February 26, 2021, Plaintiff signed a release of her claim against the underinsured motorist.

22. Plaintiff thereafter resumed medical treatment as she still suffered from cervical spine related pain and symptoms.

23. On August 27, 2021, and in accordance with A.R.S. § 12-555(B), Plaintiff's counsel faxed a timely letter to AAA Insurance notifying it of Plaintiff's intent to pursue an UIM claim. (**Exhibit D**).

24. Upon information and belief, AAA Insurance adjusters handle claims for several states, including Arizona and Ohio, and are or should be familiar with laws that affect their insured's entitlement to pursue claims for UIM benefits.

25. On August 27, 2021, AAA Insurance adjuster Leslie Kanakembizi faxed a response letter acknowledging Plaintiff's notice of her intent to pursue a UIM claim. (**Exhibit E**).

26. Significantly, AAA Insurance's acknowledgment letter contained the following statement:

> For your protection, Arizona law requires us to advise you: Any person who knowingly makes a false or fraudulent claim for payment of a loss is subject to criminal and civil penalties.

27. This statement is required by Arizona law under A.R.S. § 20-466.03 in response to an insured filing a notice or making a claim in connection with a policy or contract issued by the insurer.

28. Further, the August 27, 2021 letter of Plaintiff's intent to pursue a UIM claim, also notified AAA Insurance that The Hartford tendered the at-fault party's policy limits of $15,000.

29. AAA Insurance's acknowledgment letter did not contain any notice, warning or indication that it believed Ohio law applied to Plaintiff's UIM claim; specifically, that Plaintiff had three years to bring a lawsuit against AAA Insurance for UIM benefits or that Plaintiff was obligated to obtain consent from AAA to settle her underlying liability insurance claim and preserve AAA Insurance's UIM subrogation rights.

30. Between August 27, 2021 and January 31, 2023, AAA Insurance sent Plaintiff's counsel several letters inquiring about the status of Plaintiff's UIM claim.

31. AAA Insurance's status letters never contained any notice or indication that it believed Ohio law applied to Plaintiff's UIM claim.

32. Even after February 20, 2022, AAA Insurance continued sending letters to Plaintiff's counsel inquiring as to the status of Plaintiff's UIM claim. These letters included those dated September 15, 2022 and January 31, 2023. (**Exhibit F**).

33. On May 30, 2023, and well within the three-year limitation period of A.R.S. § 12-555(c)(2) to settle her UIM claim or file suit/demand UIM arbitration, Plaintiff submitted a demand letter for UIM benefits to AAA Insurance.

34. On June 7, 2023, AAA faxed a letter to Plaintiff's counsel regarding the reassignment of the claim to AAA claims adjuster Megan Frantz.

35. Also on June 7, 2023, Megan Frantz and Plaintiff's counsel spoke by phone, during which AAA Insurance for the first time indicated its belief that Ohio law applied to Plaintiff's UIM claim, and therefore that Plaintiff had three years from the date of loss to settle her UIM claim or to file a lawsuit against AAA Insurance.

36. Further, Megan Frantz admitted that she handled both Arizona claims and Ohio claims, and that she was familiar with Arizona law and Arizona's statute of limitation for UIM claims.

37. On June 12, 2023, Plaintiff's counsel provided AAA Insurance with a letter supporting Plaintiff's position that Arizona law applied to Plaintiff's UIM claim. Specifically, Plaintiff's counsel asserted that AAA Insurance's automobile policy form issued to Plaintiff did not contain a choice of law provision, the collision occurred when Plaintiff's vehicle was principally garaged in Arizona, Arizona had a more significant relationship than Ohio regarding Plaintiff's UIM claim, Plaintiff expected and relied upon Arizona law applying, and AAA Insurance's conduct was consistent with Arizona law applying to Plaintiff's UIM claim until AAA denied coverage on Plaintiff's UIM claim.

38. On June 27, 2023, AAA Insurance sent Plaintiff's counsel a letter denying coverage for Plaintiff's UIM claim on the basis that Ohio's statute of limitation applied and Plaintiff did not file suit within three years of the collision date. (**Exhibit G**).

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment – 28 U.S.C. § 2201)

39. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

40. Under 28 U.S.C. § 2201(a), in a case of actual controversy within its jurisdiction, a court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

41. An actual or justiciable controversy exists between the parties regarding whether the limitation period of Arizona law or Ohio law applies to Plaintiff's UIM claim.

42. Plaintiff requests, and is entitled to, a declaratory judgment from a court within the District of Arizona that (1) Arizona law (A.R.S. § 12-555) applies to Plaintiff's UIM claim with AAA Insurance, (2) Under Arizona law, the UIM statute of limitation set forth in the AAA insurance policy of three years from the date of crash is void and unenforceable, (3) With the filing of this lawsuit, Plaintiff has timely initiated suit against AAA Insurance to determine the amount of UIM benefits it owes to Plaintiff, and (4) Plaintiff's legal entitlement to UIM benefits and the amount of damages to which Plaintiff is entitled to receive.

### SECOND CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

43. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

44. In every insurance policy there is an implied covenant and duty of good faith and fair dealing that requires the insurer to refrain from engaging in intentional and/or knowing acts without a reasonable basis, and instead the insurer must treat its insured fairly

7

and reasonably, to refrain from misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue, to act reasonably and promptly in the investigation, evaluation and processing of an insured's claim, to refrain from failing to pay a claim or unreasonably delaying the payment of a claim without a reasonable basis for such action, and to give the insured as much consideration to the insured's interests as it does its own interests.

45. At all material times, Plaintiff has been insured for automobile insurance coverage with AAA Insurance for purposes of her UIM claim. Accordingly, AAA Insurance owed and continues to owe Plaintiff the duty of good faith and fair dealing in its investigation, evaluation and processing of Plaintiff's UIM claim.

46. AAA Insurance breached its duty of good faith and fair dealing through intentional and/or knowing conduct by failing to give its insured equal consideration as to its own interests in denying coverage for UIM benefits, misrepresenting to Plaintiff that Arizona law governed her UIM claim, inducing Plaintiff into believing that Arizona law applied, failing to disclose AAA Insurance's belief that Ohio law governed Plaintiff's UIM claim until after the Ohio statute of limitation period expired, and denying Plaintiff's UIM claim based on a statute of limitation that is inconsistent with Arizona law.

47. AAA Insurance's intentional and/or knowing conduct that culminated in its denial of coverage for Plaintiff's claim for UIM benefits after the Ohio statute of limitation expired was done without a reasonable basis and placed AAA Insurance's interest ahead of Plaintiff's interest, and therefore, AAA Insurance has committed the tort of bad faith against Plaintiff.

48. AAA Insurance's breach of the implied covenant of good faith and fair dealing has caused and will continue to cause Plaintiff to suffer damages, including the unpaid underinsured motorist benefits due Plaintiff under the Policy, as well as emotional

distress, humiliation, inconvenience, and anxiety experienced and reasonably probable to be experienced in the future.

49. As a direct and proximate result of AAA Insurance's wrongful conduct, Plaintiff is and shall continue to be required to employ legal counsel on her behalf and will incur financial obligations in an amount presently unknown to Plaintiff. As this matter arises under a contract, Plaintiff is entitled to recover her taxable costs and reasonable attorney's fees pursuant to A.R.S. §§ 12-341 and 12-341.01.

50. AAA Insurance intended to cause injury to the Plaintiff, was motivated by spite and/or ill will, or acted to serve its own interests, having reason to know and/or consciously disregarding a substantial risk that its conduct might significantly injure the rights of Plaintiff. Plaintiff is therefore entitled to an award of punitive damages in order to punish AAA Insurance and to deter other similarly situated insurance carriers from failing to pay and/or unreasonably delaying payment of underinsured motorist benefits to its insureds.

### THIRD CLAIM OR RELIEF
### (Estoppel by Inducement)

51. All of the allegations contained within the paragraphs above and below are hereby incorporated by reference as if fully set out herein.

52. Alternatively, even if Ohio law applied to Plaintiff's UIM Claim, AAA Insurance is equitably estopped from using the Ohio statute of limitation to deprive Plaintiff of her claim for UIM benefits.

53. AAA Insurance engaged in conduct that was intended to induce Plaintiff into believing Arizona law applied to her UIM claim rather than Ohio law, including, placing the statement required by A.R.S. § 20-466.03 in its acknowledgment letter to Plaintiff's timely notice of her intent to pursue a UIM claim and continuing to send status inquiry letters through the end of January 2023 without providing Plaintiff with any

notice, policy citation, indication or statement that AAA Insurance believed Ohio law applied to Plaintiff's UIM claim.

54. Based on AAA Insurance's conduct that was intended to induce Plaintiff into believing Arizona law applied to her UIM claim, Plaintiff believed that she had until August 21, 2024 to settle her UIM claim or take legal action/demand arbitration against AAA Insurance to preserve her right to claim UIM benefits, and as such, she did not bring legal action against AAA Insurance by February 20, 2022.

55. AAA Insurance's conduct was reasonably expected to induce Plaintiff to forebear filing a lawsuit against AAA Insurance for UIM benefits by February 20, 2022 because AAA Insurance provided every indication that Arizona law applied and that Plaintiff had until August 21, 2024 to settle or take action to preserve her UIM claim.

56. As a result of this forbearance, AAA Insurance has denied Plaintiff's claim for UIM benefits based on Ohio's three-year statute of limitation, and as such, AAA Insurance should be estopped from using this limitation period to deny Plaintiff's entitlement to UIM benefits.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff respectfully requests this Court to grant relief in her favor and against AAA Insurance as follows:

A. For a declaratory judgment under 28 U.S.C. § 2201 that (1) Arizona law applies to Plaintiff's UIM claim with AAA Insurance, (2) Under Arizona law, the UIM statute of limitation set forth in the AAA insurance policy of three years from the date of crash is void and unenforceable, (3) With the filing of this lawsuit, Plaintiff has timely initiated suit against AAA Insurance to determine the amount of UIM benefits it owes to Plaintiff, and (4) Plaintiff's legal entitlement to UIM benefits and as set forth in (B) the amount of damages to which Plaintiff is entitled to receive under her UIM coverage.

B. For actual damages sustained by Plaintiff as a result of injuries sustained in the collision with the underinsured motorist that exceed the latter's $15,000 liability limit.

C. For other actual damages sustained by Plaintiff caused by AAA Insurance's bad faith conduct, including emotional distress, humiliation, inconvenience, and anxiety experienced and reasonably probable to be experienced in the future;

D. For punitive damages in an amount to be proven at trial;

E. For incurred attorneys' fees and taxable costs under A.R.S. §§ 12-341.01 and 12-341;

F. For post-judgment interest from the rendering of the verdict until the judgment is satisfied; and

G. For such further relief as this Court deems just and proper.

Dated this 28th day of July 2023

**PAUL TICEN LAW**

By   /s/ Paul D Ticen
Paul D. Ticen
3195 South Price Road, Suite 148
Chandler, Arizona 85248
Attorney for Plaintiff